IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

OLIVER FRITH                                                                                    PLAINTIFF

v.                             Civil No. 11-2209

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                        DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Oliver Frith, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claims for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

The plaintiff filed his applications for DIB and SSI on May 21, 2009, alleging an amended onset date of August 29, 2008, due to migraine headaches, right knee pain, left elbow pain, arthritis, acute coronary syndrome, diabetes, hypertension, depression, and a learning disorder. Tr. 40, 142, 161-162, 171, 184. His applications were denied initially and on reconsideration. Tr. 60-66, 74-77.

An administrative hearing was held on August 13, 2009. Tr. 17, 32-55. Plaintiff was present and represented by counsel. At this time, plaintiff was 50 years of age and possessed a seventh grade education. Tr. 35, 39, 150. He had past relevant work ("PRW") experience as mechanic. Tr. 143, 153-160.

On June 26, 2010, the Administrative Law Judge ("ALJ") determined that Plaintiff's headaches, acute coronary syndrome, diabetes mellitus, and hypertension were severe impairments, but did not meet or medically equal one of the listed impairments in 20 C. F. R., Part 404, Subpart P, Appendix 1. He found that plaintiff maintained the residual functional capacity ("RFC") to perform light work involving

frequent climbing, balancing, crawling, kneeling, stooping, and crouching and work where the interpersonal contact is incidental to the work performed, the complexity of the tasks is learned and performed by rote with few variables and little judgment and the supervision required is simple, direct, and concrete. Tr. 20-24. With the assistance of a vocational expert, the ALJ then found Plaintiff could perform work as a production worker and house cleaner. Tr. 24-25.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on September 23, 2011. Tr. 1-5. Subsequently, plaintiff filed this action. Doc. # 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. Doc. # 4, 5.

## II.  Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and

2

that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *See Barnhart v. Walton*, 535 U. S. 212, 219-220 (2002).

### A. The Evaluation Process:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

After reviewing the evidence in this case, the undersigned has determined that remand is necessary to allow the ALJ to reevaluate the evidence concerning Plaintiff's impairments. Specifically, the ALJ is directed to consider the evidence concerning Plaintiff's knee impairment and obesity and how this combination of impairments impacts Plaintiff's ability to stand, walk, climb, balance, crawl, kneel, stoop, and crouch. *See* SSR 02-1p (obesity may cause limitations in any of the exertional functions such

as *sitting,* standing, walking, lifting, carrying, pushing, and pulling. It may also affect the ability to do postural functions, such as climbing, balance, stooping, and crouching); *see also Delrosa v. Sullivan*, 922 F.2d 480, 484 (8th Cir. 1991) (holding that ALJ is obligated to consider physical and mental impairments in combination).

In April 2005, Plaintiff underwent a posterior horn medial meniscectomy for a meniscus tear and the excision of a large meniscal cyst from the medial right knee. Tr. 391-399. Records reveal that Plaintiff continued to suffer from pain related symptoms following the surgery.

In December 2008, Plaintiff was treated at the Booneville Community Hospital Rural Health Clinic ("BCHRHC") for diffuse joint pain of unknown etiology. Tr. 556.

On April 22, 2009, Plaintiff complained of pain and swelling in his knee. Tr. 597. He also reported that it was locking up on him. An examination revealed swelling over the tendon on the medial aspect of the knee, and x-rays showed some narrowing of the disk space in his lumbar spine. Plaintiff was prescribed anti-inflammatories and referred to an orthopedist. However, due to his lack of insurance and income, he was unable to pay the $200-$300 that the orthopedist said would be necessary in order for him to consult on his case. *Osborne v. Barnhart,* 316 F.3d 809, 812 (8th Cir. 2003) (A lack of funds may justify a failure to receive medical care).

In January 2010, Plaintiff was treated at the Booneville Family Clinic for complaints of pain all over. Tr. 383, 552. At this time, he was diagnosed with arthritis.

On March 8, 2010, Plaintiff returned to BCHRHC with complaints of bilateral knee pain. Tr. 375, 578. Treatment notes indicate that he was experiencing significant difficulty getting up and down, and needed support when rising from a seated position. Plaintiff was diagnosed with osteoarthritis of both knees, and the doctor opined that he did not believe Plaintiff was capable of gainful employment. He did not, however, explain what he meant by this statement. And, the ALJ did not contact him for an

explanation. *See Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010) (holding ALJ should recontact a treating or consultative doctor when a critical issue is undeveloped).

On August 31, 2010, Plaintiff continued to experience knee pain. Tr. 549. X-rays of his left knee revealed degenerative changes. Tr. 497. The doctor at BCHRHC again diagnosed him with osteoarthritis of the knees. Tr. 549. And, the pain continued, resulting in yet another office visit for symptoms associated with his arthritic knees in September 2010. Tr. 553.

Because the ALJ failed to even consider Plaintiff's knee impairment and summarily dismissed his obesity with a mere recognition that obesity could exacerbate many underlying conditions, this matter should be remanded for further consideration. *See Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000) (holding that the ALJ is not free to ignore medical evidence, rather must consider the whole record).

In reviewing the evidence, it is also clear that none of Plaintiff's treating physicians have provided an RFC assessment. The records contains only one assessment prepared by a non-examining, consultative examiner. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence). Given the nature of Plaintiff's impairments, remand is also necessary to allow the ALJ to obtain an RFC assessment from a doctor who has actually examined the Plaintiff. This may be accomplished by the submission of interrogatories to Plaintiff's treating doctor(s) requesting that they complete an RFC assessment, or a consultative orthopedic examination complete with an RFC assessment. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984) (If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record).

We also note that Plaintiff has attached additional medical evidence to his appeal brief, asking this court to remand the matter pursuant to sentence six.[1]  Because we find grounds for reversal pursuant to sentence four, Plaintiff's request to introduce additional medical evidence is moot.  On remand, however, Plaintiff may submit his additional medical evidence for the consideration of the ALJ.

IV.  **Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of October 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's counsel is advised that all further requests for the introduction of additional medical evidence must be submitted in a motion to submit additional evidence, independent of Plaintiff's appeal brief.